NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JAE HOON YOO, | No.   16-70061 |
| Petitioner, | Agency No. A096-068-722 |
| v. |  |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. |  |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018**

Before:     SILVERMAN, BEA, and WATFORD, Circuit Judges.

Jae Hoon Yoo, a native and citizen of South Korea, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision finding him removable and granting voluntary

departure. We have jurisdiction under 8 U.S.C. § 1252. We review de novo

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The agency did not err or violate due process in taking Yoo's pleadings immediately following service of the amended charges, where the IJ offered Yoo a continuance of 10 days, and he waived it. *See* 8 C.F.R. § 1240.10(e) (IJ must advise the alien that he may be given a "reasonable continuance" to respond to the additional factual allegations and charges); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

Yoo's pleadings were a binding judicial admission, where Yoo alleges no egregious circumstances, and the record shows that Yoo pleaded through his attorney, acting in his official capacity, at a formal hearing on the record, in response to distinct questions from the IJ, for the purpose of obtaining voluntary departure. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 830 (9th Cir. 2011) (absent egregious circumstances, an attorney's admission or concession is binding on an alien when the admission is distinct, formal, and made by an attorney in their professional capacity, as a tactical decision).

Accordingly, the agency did not err in sustaining the removability charge. *See Perez-Mejia v. Holder*, 663 F.3d 403, 410-411 (9th Cir. 2011) (an IJ has authority to sustain the charges on the basis of the alien's admissions); *see also* 8 C.F.R. § 1240.10(c).

**PETITION FOR REVIEW DENIED.**